## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**JOHN DOE #1; JANE DOE #1; JANE DOE #2;**
**JANE DOE MINOR #1, JOHN DOE MINOR #2,**
**AND JOHN DOE MINOR #3, BY AND**
**THROUGH THEIR FATHER AND NEXT FRIEND JOHN DOE #1;**
**JOHN DOE MINOR #4, BY AND THROUGH HIS MOTHER AND**
**NEXT FRIEND JANE DOE #2;**
**JOHN DOE MINOR #5, BY AND THROUGH HIS UNCLE AND**
**NEXT FRIEND JOHN DOE #1**                                    **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO. _22-392_**

**MARRIOTT INTERNATIONAL, INC.;**
**BROOKFIELD HOSPITALITY PROPERTIES, LLC;**
**ISLAND HOTEL COMPANY LIMITED;**
**ATLANTIS RESORT SPE LIMITED;**
**VELMON WILLIAMS, INDIVIDUALLY;**
**JOHN DOES 1-5; AND JOHN DOE ENTITIES 1-5**          **DEFENDANTS**

### COMPLAINT

### <u>Trial by Jury Requested</u>

Comes now the Plaintiffs, as listed above and files this their Complaint against the

Defendants, Marriott International, Inc., Brookfield Hospitality Properties, LLC; Island Hotel

Company Limited; Atlantis Resort SPE Limited; Velmon Williams, individually; John Does 1-5,

and John Doe Entities 1-5, and in support thereof would respectfully show the Court the

following facts to-wit:

### <u>PARTIES</u>

1.      Plaintiff, John Doe #1, is an adult resident citizen of Hinds County, Mississippi.

2.      Plaintiff, Jane Doe #1, is an adult resident citizen of Hinds County, Mississippi.

3.      Plaintiff, Jane Doe #2, is an adult resident citizen of Madison County, Mississippi.

4.      Plaintiff, Jane Doe Minor #1, is a minor represented by her father and next friend



John Doe #1, who is an adult resident citizen of Hinds County, Mississippi.

5.      Plaintiff, John Doe Minor #2, is a minor represented by his father and next friend John Doe #1, who is an adult resident citizen of Hinds County, Mississippi.

6.      Plaintiff, John Doe Minor #3, is a minor represented by his father and next friend John Doe #1, who is an adult resident citizen of Hinds County, Mississippi.

7.      Plaintiff, John Doe Minor #4, is a minor represented by his mother and next friend Jane Doe #2, who is an adult resident citizen of Madison County, Mississippi.

8.      Plaintiff, John Doe Minor #5, is a minor represented by his Uncle and next friend John Doe #1. The names of the adults and minors have been withheld to protect the minor children.

9.      Defendant, Marriott International, Inc. ("Marriott"), is a foreign corporation licensed to do business in the state of Mississippi with its principal office located at 10400 Fernwood Road, Bethesda, Maryland 20817. Defendant may be served with process through its registered agent CT Corporation System of Mississippi located at 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

10.     Defendant, Brookfield Hospitality Properties, LLC ("Brookfield Hospitality"), is a Delaware corporation with its principal office located in New York. Brookfield Hospitality is the primary reservation, booking and travel company used by Atlantis Resort. Defendant may be served with process through its registered agent Corporation Service Company located at 251 Little Falls Drive, Wilmington, Delaware 19808.

11.     Defendant, Island Hotel Company Limited ("Island Hotel"), is a Bahamian company with its place of incorporation and principal place of business located in the Bahamas.

2

Island Hotel and may be served through that State of Mississippi Secretary of State due to its contacts in Mississippi or at Executive Offices, Coral Towers, Paradise Island, Nassau, Bahamas.

12.    Defendant, Atlantis Resort SPE Limited ("ARSL"), is a Bahamian company with its place of incorporation and principal place of business located in The Bahamas and may be served through that State of Mississippi Secretary of State due to its contacts in Mississippi or at Executive Offices, Coral Towers, Paradise Island, Nassau, Bahamas.

13.    Defendant, Velmon Williams ("Williams"), is a resident of Hinds County, Mississippi who may be served at her home address located in Hinds County.

14.    Media Company Doe #1 or John Doe Entity #1 is the company located and operating in the United States that is responsible for all the media solicitation for Defendants and is a company operating in the United States and in Mississippi.

15.    Defendants, John Does Defendant 1-5 and John Doe Entities 1-5, are entities and/or individuals who, within the meaning of Miss. R. Civ. P. 9(h)-(i), either are or may be fictitious parties or unknown parties in interest, who exact identities are at present unknown to Plaintiffs, and whose actionable conduct may have caused, contributed to, or who may otherwise be liable for the subject incident and resulting injuries and damages to the Plaintiffs complained of herein, and whose identities may become known through the course of discovery in this cause, whereupon they may be joined formally as named party defendants. Said entities and/or individuals may include but are not limited to, managers, employees, agents, owners, and operators of the Atlantis Resort located on Paradise Island, Bahamas ("the Resort"), who are liable to Plaintiffs and who maintained authority and discretion regarding the operation, management, ownership, and/or control of the Resort, including but not limited to the Resort's employees and its safety policies and procedures.

3

## JURISDICTION AND VENUE

16.    This civil action arises out of the negligent acts and omissions of Defendants committed against residents of Hinds County and of the State of Mississippi. This Court holds *in personam* jurisdiction over the Defendants pursuant to Mississippi Code § 13-3-57 (service on nonresidents) which extends the personal jurisdiction of Mississippi's courts to nonresidents who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state.

17.    Venue is proper in Hinds County, Mississippi, pursuant to Miss. Code Ann. §11-11-3 since one or more of the Defendants maintains its principle place of business in Hinds County and since other Defendants meet the minimum contacts standards of Mississippi by conducting business in Mississippi through direct solicitation and advertising for business in Mississippi as set out in Miss. Code 13-3-57 (Nonresidents conducting business in Mississippi). The out of state Defendants in this case are subject to venue in Mississippi and Hinds County because they intentionally and purposely directed their advertising activities toward the forum state or purposefully availed themselves to the privileges of conducting and soliciting business activities in Mississippi as set out in *Joshua Properties, LLC v. D1 Sports Holdings, LLC,* 130 SO.3d. 1089 (Miss. 2014).

18.    Jurisdiction and venue are proper in the First Judicial District of Hinds County, Mississippi, as the Defendants marketed, sold, manufactured and distributed their product in question and have substantial contacts with the State of Mississippi vesting this court with both personal and subject matter jurisdiction over this cause.

4

19.    At the time of the incident which is the subject of this case, Defendants Marriott, Island Hotel, Atlantis Resort SPE, and Brookfield Hospitality, (collectively, "Resort Defendants") either together or in concert own, operate, manage, control, maintain and book vacations for the Atlantis Resort.

20.    Defendants have purposefully availed themselves of the benefits and protections of the State of Mississippi by conducting the activities outlined herein, and others in Mississippi.

21.    Defendants have engaged in substantial and not isolated corporate activity either on their own or through their affiliates or subsidiary companies including having offices in the continental United States located at 1000 S. Pine Road, Suite 800, Plantation, Florida. This company receives all phone calls for complaints and bookings for Defendants and is operated in the United States. This company is also responsible for sending all email advertisements. Defendant Brookfield Hospitality conducts business in the United States in the State of Florida under the fictious name Atlantis Paradise Vacations.  At the time of the event the Resort Defendants together or in concert owned, operated, manage, controlled, maintained and booked vacations at the Atlantis Resort though its actions in the United States and Mississippi.

## JOINT VENTURE

22.    The Defendants, including Brookfield Hospitality, Island Hotel and others are engaged in a joint venture.  Defendants Marriott, Island Hotel, Atlantis Resort SPE, and Brookfield Hospitality are parties to either an express or implied contract the subject of which is the ownership and operation of the Atlantis Resort.

23.    Defendants Marriott, Island Hotel, Atlantis Resort SPE, and Brookfield Hospitality share a community of interest in the ownership and operation of the Atlantis resort. Defendants Marriott, Island Hotel, Atlantis Resort SPE, and Brookfield Hospitality have joint

control or the right to control the operations of the Atlantis resort including marketing,

advertising, solicitations, reservations, booking, maintenance, upkeep, and security. Defendants

Marriott, Island Hotel, Atlantis Resort SPE, and Brookfield Hospitality, share in the profits and

losses of the Atlantis resort with Island Hotel supplying labor, experience and skill and with the

social media companies soliciting the customers via emails and direct mailing via U.S. mail.

## FORUM SELECTION AND GUEST REGISTRATION

24.     Resort Defendants and the media company conspired to routinely, fraudulently and

deceptively, obtain guest signatures for a document titled "Acknowledgement, Agreement and

Release" as part of their registration process for the water park feature at issue in this case.

Resort employees present an "Acknowledgement, Agreement and Release" which to

unsuspecting guests appear to be a routine resort registration form or a benign part of the

registration process. The form, the relevant portion of which contains a forum selection clause,

designates The Bahamas as the venue for claims against the Resort or the myriad of corporate

entities associated or affiliated with the Resort. Resort Defendants' employees, travel agents and

booking agents routinely fail to inform potential guests that they would have to sign such a

document and fail to inform guests of the legal consequences and significance of the forum

selection clause at issue.

25.     John Doe #1 signed no such forum selection clause and authorized no other

person to sign a forum selection clause on his behalf. John Doe #1 was never informed that he

would have to sign a forum selection clause. John Doe #1 never negotiated the terms of the

aforementioned "Acknowledgement, Agreement and Release." The forum selection clause is

unenforceable and not applicable to John Doe #1 and other Plaintiffs due to the following

reasons:

a. John Doe #1 never had an opportunity to become meaningfully informed of the forum selection clause;

b. John Doe #1 never signed the forum selection clause nor did he authorize anyone to do so on his behalf;

c. John Doe #1 was never informed that the forum selection clause could be deleted;

d. John Doe #1 was never free to reject the forum selection clause with impunity because he was never made aware of it;

e. John Doe #1 was never informed that the forum selection clause could be deleted and therefore any consent to The Bahamas as venue for this action, which is denied, was obtained through fraud or overreaching because of the disparity in bargaining power between the parties;

f. John Doe #1 was never told by any Defendant (or their agents/employees) to this action that he would be required to sign a forum selection clause;

g. John Doe #1 does not consent or agree to The Bahamas as the sole venue for disputes against the Resort Defendants or the Resort; and

h. John Doe #1 does not have the financial means to hire counsel in The Bahamas, therefore, the forum selection clause if enforced will act to bar recovery in any court.

i. John Doe #1 altered the venue agreement with Defendants and the alteration was accepted by Defendants.

## FACTS

26.     At all pertinent times, Defendants either owned, operated, managed, supervised, monitored, or controlled the Atlantis Resort in Paradise Island, Bahamas; provided advertising and marketing for the Resort; sent direct solicitations to Plaintiffs via social media or U.S. mail, or provided booking and travel arrangements for guests staying at the Resort. Defendants actively solicited to Plaintiffs via direct solicitation mails and U.S. mail advertisements in Mississippi.

27.     At all pertinent times, Defendants held individual and collective duties to the Plaintiffs and other invitees to make sure that the property, including all common areas and

7

incidental areas, were secure and safe, fit for their particular purpose, and that reasonable security measures were provided and maintained and that all guests and invitees would be safe while staying at the Resort. Defendants also agreed to provide working locks and doors free of mechanical defects for each room.

28.     On or about June 17, 2021, Plaintiffs were invitees of the Atlantis Resort and were staying at the Resort as paying guests. Upon entry to the property Plaintiffs announced they were not in agreement with any restrictions limiting jurisdiction. The property employees or agents waived any jurisdictional agreements due to the issues related with the reserved room not being available. The agents placed Plaintiffs in temporary accommodations and waived their standard operating agreements. The agreements were to be affected at a later date when the room issue was resolved. Agents informed Plaintiffs they were not bound to any agreements or contracts until such time as the correct reservations were provided. The Plaintiffs were provided temporary rooms at the hotel under special circumstances.

29.     On the morning of June 17, 2021, Plaintiffs John Doe #1 and Jane Doe #1, were asleep in their hotel room. An unknown assailant was able to come onto the property and stay on the property as a trespasser for several days with the knowledge of the Defendants. While the assailant was on the property, he was able to obtain one of the hotel's master key cards through an employee which allowed him to gain access to different guest rooms. While Plaintiffs John Doe #1 and Jane Doe #1 were sleeping in their room, the assailant used the master key card to open the locked door to their room.

30.     After the assailant entered the room, he began stealing various items belonging to the Plaintiffs. The assailant woke the Plaintiffs and a struggle ensued in the room so that the assailant attacked Plaintiff John Doe #1. Plaintiff John Doe #1 fought back against the assailant

8

to defend himself and his family. The assault began inside the hotel room and continued outside

the room into the hallway and the hotel's common areas by the elevator.  Plaintiff John Doe #1

eventually subdued, restrained, captured, and questioned the assailant and turned him over to

Defendants for prosecution and processing. The assailant admitted under questioning by Plaintiff

that he was provided access to the property by the Defendants employees and that Defendants

employees frequently and knowingly allowed him to enter the property to commit crimes against

guests. He also admitted that the Defendants were aware of his presence on the property in

violation of their rules and did not remove him. He stated that he had done this on several

occasions.

31.    As a result of the violent assault by the unknown perpetrator, Plaintiff John Doe

#1 received physical injuries including but not limited to numerous bite marks, and injuries to his

feet, back, neck, abdomen, and head.  Plaintiff has also suffered emotional and mental trauma.

Plaintiff has incurred medical bills as a result of the assault and will continue to incur medical

bills and require treatment in the future. Plaintiff will also continue to suffer from physical,

mental, and emotional trauma as a result of the assault.   The other Plaintiffs also suffered

damages related to the event consisting of physical injuries and emotional trauma.

32.    Prior to the events at Defendants' property the Defendants repeatedly sent direct

targeting emails, solicitations, and advertisements in Mississippi to Plaintiffs and other persons

in Mississippi for the sole benefit of enticing persons to come to Atlantis based on Atlantis'

advertising and Marriott's advertising claims of the property being part of its premier package

properties. The direct solicitation to Plaintiffs by Defendants were the enticements that lured

Plaintiffs to the property and the cause that created the harm to Plaintiffs. The direct advertising

and promises of a safe, fun, secure, premier package family vacation at Atlantis were direct,

9

targeted enticements to lure Plaintiffs to travel to Atlantis. Defendants' direct advertisements and

solicitations to Plaintiffs were the cause of Plaintiffs' traveling to Atlantis and show that

Defendants directly took purposeful and affirmative action, the effect of which is to cause

business activity (foreseeable by the defendant) in the forum state of Mississippi.

33.     Defendants maintain a company called Atlantis Paradise Vacations in Florida that

receives all calls and bookings. The purpose of the company is to give the appearance that the

Resort Defendants and Defendant Marriott were based in the State of Florida. All phone calls to

Atlantis are routed through the phone number that goes to the office in Florida for Island Hotel

Company. The phone number is 954-809-2000, which is a Ft. Lauderdale, Florida phone

number. When the number was called the recording says, "Thank you for calling Atlantis" and

directs you to pick a number to route you to a service person. Defendants used this phone

number to establish contacts in the United States and to appear to be a U.S. company.

Defendants also use social media companies based in the United States to service, build, direct

traffic, and advertise their companies. These companies were involved with and responsible for

the solicitations and algorithms that were designed to target Plaintiffs in Mississippi.

## NEGLIGENCE OF MARRIOTT INTERNATIONAL, INC.

34.     Plaintiffs adopt by reference the foregoing paragraphs as if fully set forth

herein.

35.     Plaintiffs allege all forms of general negligence allowed under law and all

other forms of breach or negligence that will be discovered in the discovery process. Plaintiffs

also charge conspiracy, negligent misrepresentation,  negligent supervision, negligent training,

inadequate security, failure to monitor security cameras, failure to secure the property, failure to

provide adequate security, negligence *per se,  res ipsa loquitor*, strict liability in tort, breach of

contract, breach of implied contract, negligent breach of express warranty, negligent breach of implied warranty, negligence based upon reasonable foreseeability, negligence based on assumption of duty, negligence for failing to follow industry standards related to security, negligence for failing to follow industry standards related to maintenance and repair of the hotel room door, negligent maintenance of the room door, failure to provide a self-closing door, failure to provide a self-locking door; failure to remove trespassers, failure to remove persons who are not staying on the property as guests. Plaintiffs also assert that Defendant waived any defenses related to venue or contract exclusions as the Plaintiffs had an agreement with Defendant and its agents to alter any existing agreements due to Defendant's agreement to alert the agreement. Plaintiffs also request the Defendant produce the documents signed by Plaintiffs that waived and altered venue and all other limitations. Plaintiffs request Defendant produce the waivers of venue agreed to by Defendant. Plaintiffs request Defendant produce all documents and persons who agreed to waive venue and to allow Plaintiffs to pursue any claims in Mississippi.

36.    Plaintiffs also charge this Defendant with fraud, misrepresentation, fraud in the inducement, failure to follow industry standards for training, controlling, monitoring, supervising, and directing employees/agents; negligence for creating a dangerous condition and environment; failure to provide adequate supervision of employees/agents; failure to warn Plaintiffs of the dangers of the employee/agent and the dangerous condition the employee/agent created; negligent infliction of emotional distress; intentional infliction of emotional distress. The acts of assailant and the employees are imputed to this Defendant since the assailant and the employees who aided the assailant were acting within the scope and course of their employment and on duty at the time of their actions against the Plaintiffs. Defendant is responsible for its employee/agent through the theories of agency and respondent superior as the employees were

11

acting in the course and scope of their employment, negligent failure to follow industry standards for training, controlling, monitoring, supervising, and directing employees, negligence for creating a dangerous condition and environment, failure to provide adequate supervision of employees, failure to warn Plaintiffs of the dangers of the employees and the dangerous condition the employees created by not repairing a defective door and by not stopping the employees from assisting the assailant.

37.    Plaintiffs also charge this Defendant with fraud and conspiracy in that it actively solicited Plaintiffs and advertised in Mississippi directly and publicly to Plaintiffs and others so that Defendants would receive the benefit of Plaintiffs' business. Defendant then attempted to defraud Plaintiffs by attempting to trick Plaintiffs into waiving their right to trial in Mississippi and force the Plaintiffs to appear in the Bahamas for any litigation. Defendant also claims to have a waiver signed by Plaintiffs and an agreement to waive venue which is not the final document agreed to by Plaintiffs or accepted by Plaintiffs. The acts of the Defendant were fraudulent, obtained under duress, and are unconscionable on their face. Plaintiffs charge that no contract to set the venue of this matter in the Bahamas was agreed to or created by the parties. The parties did not have a mutual understanding of any venue in the Bahamas and did not have a mutual understanding of an agreement to be bound by any contact or contract terms related to the Bahamas. If this is raised as a defense by Defendant then Plaintiffs assert there was no valid agreement, any alleged agreement lacked consideration, a meeting of the minds, mutual assent, sufficiently agreeable language. Further any alleged agreements presented by the Defendant are substantively unconscionable.

## NEGLIGENCE OF ISLAND HOTEL COMPANY LIMITED

38.    Plaintiffs adopt by reference the foregoing paragraphs as if fully set forth herein.

39.    Plaintiffs allege all forms of general negligence allowed under law and all other forms of breach or negligence that will be discovered in the discovery process. Plaintiffs also charge conspiracy, negligent misrepresentation, negligent supervision, negligent training, inadequate security, failure to monitor security cameras, failure to secure the property, failure to provide adequate security, negligence *per se, res ipsa loquitor*, strict liability in tort, breach of contract, breach of implied contract, negligent breach of express warranty, negligent breach of implied warranty, negligence based upon reasonable foreseeability, negligence based on assumption of duty, negligence for failing to follow industry standards related to security, negligence for failing to follow industry standards related to maintenance and repair of the hotel room door, negligent maintenance of the room door, failure to provide a self-closing door, failure to provide a self-locking door; failure to remove trespassers, failure to remove persons who are not staying on the property as guests. Plaintiffs also assert that Defendant waived any defenses related to venue or contract exclusions as the Plaintiffs had an agreement with Defendant and its agents to alter any existing agreements due to Defendant's agreement to alert the agreement. Plaintiffs also request the Defendant produce the documents signed by Plaintiffs that waived and altered venue and all other limitations. Plaintiffs request Defendant produce the waivers of venue agreed to by Defendant. Plaintiffs request Defendant produce all documents and persons who agreed to waive venue and to allow Plaintiffs to pursue any claims in Mississippi.

40.    Plaintiffs also charge this Defendant with fraud, misrepresentation, fraud in the inducement, failure to follow industry standards for training, controlling, monitoring, supervising, and directing employees/agents; negligence for creating a dangerous condition and environment; failure to provide adequate supervision of employees/agents; failure to warn Plaintiffs of the dangers of the employee/agent and the dangerous condition the employee/agent

13

created; negligent infliction of emotional distress; intentional infliction of emotional distress. The acts of assailant and the employees are imputed to this Defendant since the assailant and the employees who aided the assailant were acting within the scope and course of their employment and on duty at the time of their actions against the Plaintiffs. Defendant is responsible for its employee/agent through the theories of agency and respondent superior as the employees were acting in the course and scope of their employment, negligent failure to follow industry standards for training, controlling, monitoring, supervising, and directing employees, negligence for creating a dangerous condition and environment, failure to provide adequate supervision of employees, failure to warn Plaintiffs of the dangers of the employees and the dangerous condition the employees created by not repairing a defective door and by not stopping the employees from assisting the assailant.

41.    Plaintiffs also charge this Defendant with fraud and conspiracy in that it actively solicited Plaintiffs and advertised in Mississippi directly and publicly to Plaintiffs and others so that Defendants would receive the benefit of Plaintiffs' business. Defendant then attempted to defraud Plaintiffs by attempting to trick Plaintiffs into waiving their right to trial in Mississippi and force the Plaintiffs to appear in the Bahamas for any litigation. Defendant also claims to have a waiver signed by Plaintiffs and an agreement to waive venue which is not the final document agreed to by Plaintiffs or accepted by Plaintiffs. The acts of the Defendant were fraudulent, obtained under duress, and are unconscionable on their face. Plaintiffs charge that no contract to set the venue of this matter in the Bahamas was agreed to or created by the parties. The parties did not have a mutual understanding of any venue in the Bahamas and did not have a mutual understanding of an agreement to be bound by any contact or contract terms related to the Bahamas. If this is raised as a defense by Defendant then Plaintiffs assert there was no valid

14

agreement, any alleged agreement lacked consideration, a meeting of the minds, mutual assent,

sufficiently agreeable language. Further any alleged agreements presented by the Defendant are

## NEGLIGENCE OF ATLANTIS RESORT SPE LIMITED

42.    Plaintiffs adopt by reference the foregoing paragraphs as if fully set forth herein.

43.    Plaintiffs allege all forms of general negligence allowed under law and all other

forms of breach or negligence that will be discovered in the discovery process. Plaintiffs also

charge conspiracy, negligent misrepresentation, negligent supervision, negligent training,

inadequate security, failure to monitor security cameras, failure to secure the property, failure to

provide adequate security, negligence *per se*, *res ipsa loquitor*, strict liability in tort, breach of

contract, breach of implied contract, negligent breach of express warranty, negligent breach of

implied warranty, negligence based upon reasonable foreseeability, negligence based on

assumption of duty, negligence for failing to follow industry standards related to security,

negligence for failing to follow industry standards related to maintenance and repair of the hotel

room door, negligent maintenance of the room door, failure to provide a self-closing door, failure

to provide a self-locking door; failure to remove trespassers, failure to remove persons who are

not staying on the property as guests. Plaintiffs also assert that Defendant waived any defenses

related to venue or contract exclusions as the Plaintiffs had an agreement with Defendant and its

agents to alter any existing agreements due to Defendant's agreement to alert the agreement.

Plaintiffs also request the Defendant produce the documents signed by Plaintiffs that waived and

altered venue and all other limitations. Plaintiffs request Defendant produce the waivers of venue

agreed to by Defendant. Plaintiffs request Defendant produce all documents and persons who

agreed to waive venue and to allow Plaintiffs to pursue any claims in Mississippi.

44.    Plaintiffs also charge this Defendant with fraud, misrepresentation, fraud

15

in the inducement, failure to follow industry standards for training, controlling, monitoring, supervising, and directing employees/agents; negligence for creating a dangerous condition and environment; failure to provide adequate supervision of employees/agents; failure to warn Plaintiffs of the dangers of the employee/agent and the dangerous condition the employee/agent created; negligent infliction of emotional distress; intentional infliction of emotional distress; The acts of assailant and the employees are imputed to this Defendant since the assailant and the employees who aided the assailant were acting within the scope and course of their employment and on duty at the time of their actions against the Plaintiffs. Defendant is responsible for its employee/agent through the theories of agency and respondent superior as the employees were acting in the course and scope of their employment, negligent failure to follow industry standards for training, controlling, monitoring, supervising, and directing employees, negligence for creating a dangerous condition and environment, failure to provide adequate supervision of employees, failure to warn Plaintiffs of the dangers of the employees and the dangerous condition the employees created by not repairing a defective door and by not stopping the employees from assisting the assailant.

45.     Plaintiffs also charge this Defendant with fraud and conspiracy in that it actively solicited Plaintiffs and advertised in Mississippi directly and publicly to Plaintiffs and others so that Defendants would receive the benefit of Plaintiffs' business. Defendant then attempted to defraud Plaintiffs by attempting to trick Plaintiffs into waiving their right to trial in Mississippi and force the Plaintiffs to appear in the Bahamas for any litigation. Defendant also claims to have a waiver signed by Plaintiffs and an agreement to waive venue which is not the final document agreed to by Plaintiffs or accepted by Plaintiffs. The acts of the Defendant were fraudulent, obtained under duress, and are unconscionable on their face. Plaintiffs charge that no

16

contract to set the venue of this matter in the Bahamas was agreed to or created by the parties. The parties did not have a mutual understanding of any venue in the Bahamas and did not have a mutual understanding of an agreement to be bound by any contact or contract terms related to the Bahamas. If this is raised as a defense by Defendant then Plaintiffs assert there was no valid agreement, any alleged agreement lacked consideration, a meeting of the minds, mutual assent, sufficiently agreeable language. Further any alleged agreements presented by the Defendant are substantively

### NEGLIGENCE OF BROOKFIELD HOSPITALITY PROPERTIES, LLC.

46.    Plaintiffs adopt by reference the foregoing paragraphs as if fully set forth herein.

47.    Plaintiffs allege all forms of general negligence allowed under law and all other forms of breach or negligence that will be discovered in the discovery process. Plaintiffs also charge conspiracy, negligent misrepresentation, negligent supervision, negligent training, inadequate security, failure to monitor security cameras, failure to secure the property, failure to provide adequate security, negligence *per se, res ipsa loquitor*, strict liability in tort, breach of contract, breach of implied contract, negligent breach of express warranty, negligent breach of implied warranty, negligence based upon reasonable foreseeability, negligence based on assumption of duty, negligence for failing to follow industry standards related to security, negligence for failing to follow industry standards related to maintenance and repair of the hotel room door, negligent maintenance of the room door, failure to provide a self-closing door, failure to provide a self-locking door; failure to remove trespassers, failure to remove persons who are not staying on the property as guests. Plaintiffs also assert that Defendant waived any defenses related to venue or contract exclusions as the Plaintiffs had an agreement with Defendant and its agents to alter any existing agreements due to Defendant's agreement to alert the agreement.

17

Plaintiffs also request the Defendant produce the documents signed by Plaintiffs that waived and altered venue and all other limitations. Plaintiffs request Defendant produce the waivers of venue agreed to by Defendant. Plaintiffs request Defendant produce all documents and persons who agreed to waive venue and to allow Plaintiffs to pursue any claims in Mississippi.

48.    Plaintiffs also charge this Defendant with fraud, misrepresentation, fraud in the inducement, failure to follow industry standards for training, controlling, monitoring, supervising, and directing employees/agents; negligence for creating a dangerous condition and environment; failure to provide adequate supervision of employees/agents; failure to warn Plaintiffs of the dangers of the employee/agent and the dangerous condition the employee/agent created; negligent infliction of emotional distress; intentional infliction of emotional distress. The acts of assailant and the employees are imputed to this Defendant since the assailant and the employees who aided the assailant were acting within the scope and course of their employment and on duty at the time of their actions against the Plaintiffs. Defendant is responsible for its employee/agent through the theories of agency and respondent superior as the employees were acting in the course and scope of their employment, negligent failure to follow industry standards for training, controlling, monitoring, supervising, and directing employees, negligence for creating a dangerous condition and environment, failure to provide adequate supervision of employees, failure to warn Plaintiffs of the dangers of the employees and the dangerous condition the employees created by not repairing a defective door and by not stopping the employees from assisting the assailant.

49.    Plaintiffs also charge this Defendant with fraud and conspiracy in that it actively solicited Plaintiffs and advertised in Mississippi directly and publicly to Plaintiffs and others so that Defendants would receive the benefit of Plaintiffs' business. Defendant then attempted to

defraud Plaintiffs by attempting to trick Plaintiffs into waiving their right to trial in Mississippi and force the Plaintiffs to appear in the Bahamas for any litigation. Defendant also claims to have a waiver signed by Plaintiffs and an agreement to waive venue which is not the final document agreed to by Plaintiffs or accepted by Plaintiffs. The acts of the Defendant were fraudulent, obtained under duress, and are unconscionable on their face. Plaintiffs charge that no contract to set the venue of this matter in the Bahamas was agreed to or created by the parties. The parties did not have a mutual understanding of any venue in the Bahamas and did not have a mutual understanding of an agreement to be bound by any contact or contract terms related to the Bahamas. If this is raised as a defense by Defendant then Plaintiffs assert there was no valid agreement, any alleged agreement lacked consideration, a meeting of the minds, mutual assent, sufficiently agreeable language. Further any alleged agreements presented by the Defendant are substantively unconscionable.

## NEGLIGENCE OF DEFENDANT VELMON WILLIAMS

50.     Plaintiffs adopts by reference the foregoing paragraphs as if fully set forth herein.

51.     Plaintiffs allege all forms of general negligence allowed under law and all other forms of breach or negligence that will be discovered in the discovery process. Plaintiffs also charge negligent misrepresentation, failure to warn, failure to inform Plaintiffs of other Defendants attempted limits to Plaintiffs' right to sue and other general negligence that may exist but has yet to be discovered.

## NEGLIGENCE OF DEFENDANTS JOHN DOES 1-5

52.     Plaintiffs adopts by reference the foregoing paragraphs as if fully set forth herein.

53.     John Does 1-5 are entities, companies or persons whose names and identities are unknown at this time to the Plaintiffs, but who may have been working in conjunction, or in a

19

joint venture or as a partner with the Defendants and may be responsible for the damages caused to the Plaintiffs. The John Doe Defendants may have participated in this incident and/or may be jointly and severally liable to the Plaintiffs for their injuries and damages. Plaintiffs will amend the complaint to add the names of the parties who may be John Does when that information becomes available.

## NEGLIGENCE OF DEFENDANTS JOHN DOE ENTITIES 1-5

54.    Plaintiffs adopts by reference the foregoing paragraphs as if fully set forth herein.

55.    John Doe Entities 1-5 are entities, companies or persons whose names and identities are unknown at this time to the Plaintiffs, but who may have been working in conjunction, or in a joint venture or as a partner with the Defendants and may be responsible for the damages caused to the Plaintiffs. The John Doe Entity Defendants may have participated in this incident and/or may be jointly and severally liable to the Plaintiffs for their injuries and damages. Plaintiffs will amend the complaint to add the names of the parties who may be John Doe Entities when that information becomes available.

## DAMAGES

56.    As a direct and proximate result of the above and foregoing acts and omissions on the part of the Defendants, and without any negligence of the Plaintiffs, Plaintiff John Doe #1 received injuries to his entire body and expects to continue to require treatment for his injuries into the future. Plaintiff John Doe #1 has incurred medical bills and is currently treating with physicians and is expected to continue to require future medical treatment for his injuries. Plaintiff has also suffered severe emotional, mental and physical pain and suffering from this incident. Plaintiff reasonably anticipates future damages, proximately caused by said negligence of Defendants, including future medical expenses, future pain, suffering and mental anguish,

permanent physical impairment, permanent disfigurement, future travel expenses, the costs to

correct the defective conditions of the trailer and equipment, and other damages.

## PUNITIVE DAMAGES

57.     The above acts of the Defendants were conducted in a manner so as to equate to

willful, wanton, and grossly negligent conduct on the part of the Defendants. Plaintiffs request

punitive damages in an amount to be awarded by the jury against each Defendant individually.

## CLAIMS FOR RELIEF

58.     Plaintiffs adopts and incorporates by reference the foregoing paragraphs.

59.     Defendants, individually, jointly and severally, owed to the Plaintiffs an ordinary

duty of care. As a result, and proximate consequence of the Defendants' negligence and breach

of their duty of care Plaintiffs have physical pain and injuries, as well as emotional pain and

suffering and can reasonably be expected to incur further physical and emotional pain and

suffering in the future. Plaintiffs, therefore, are entitled to all damages of every type and variety

that are permitted by law, including, but not limited to, past, present and future physical and

mental pain and suffering, past, present and future medical expenses, attorney fees and litigation

expenses. Plaintiffs are further entitled to other general damages as well as punitive damages.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiffs demands a trial by jury and

judgment from Defendants Marriott International, Inc., Brookfield Hospitality Properties, LLC,

Island Hotel Company Limited, Atlantis Resort SPE Limited, Velmon Williams, John Does 1-5,

and John Doe Entities 1-5, jointly and severally for actual, compensatory, consequential and

incidental damages in an amount exceeding the jurisdictional minimal limits of this Court for

compensatory damages and for punitive damages including all expenses and costs of this civil

action, and such other general relief as the Court and the jury deem just.

This the 17th day of June, 2022.

Respectfully Submitted,

By: _____

J. ASHLEY OGDEN

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
ashleyogden@aol.com
JAMES W. SMITH, JR., ESQ. (MSB #7534)
jim@ogdenlawms.com
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFFS

22

## COVER SHEET
### Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|
| 2 5   1   C I1 | 2 0 2 2 | 3 9 2 |
| County #  Judicial  Court ID | | |
| District  (CH, CI, CO) | | Local Docket ID |

Month 0 6  Date 1 7  Year 2 2

Mississippi Supreme Court           Form AOC/01
Administrative Office of Courts          (Rev 2016)

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the **CIRCUIT**     Court of **HINDS**     County — **FIRST**   Judicial District

**Origin of Suit (Place an "X" in one box only)**

[X] Initial Filing    [ ] Reinstated    [ ] Foreign Judgment Enrolled    [ ] Transfer from Other court    [ ] Other

[ ] Remanded    [ ] Reopened    [ ] Joining Suit/Action    [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual **Doe #1**            **John**

Last Name            First Name        Maiden Name, if applicable     M.I.      Jr/Sr/III/IV

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business **Marriott International, Inc.**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

**Address of Plaintiff**

**Attorney (Name & Address)** J. Ashley Ogden, 500 E. Capitol St., Ste. 3, Jackson, MS 39201      MS Bar No. **9842**

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing:

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual

Last Name            First Name        Maiden Name, if applicable     M.I.      Jr/Sr/III/IV

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

**Attorney (Name & Address) - If Known**            MS Bar No.

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Alcohol/Drug Commitment (Voluntary) | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Other | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Adoption - Contested | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Adoption - Uncontested | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Consent to Abortion | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | [ ] Minor Removal of Minority | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Other | [ ] Partition |
| [ ] Modification | [ ] Other | **Civil Rights** | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Elections | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Expungement | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Habeas Corpus | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | [ ] Post Conviction Relief/Prisoner | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Other | [ ] Fraud |
| [ ] Other | [ ] Guardianship | **Contract** | [ ] Intentional Tort |
| **Appeals** | [ ] Heirship | [ ] Breach of Contract | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Installment Contract | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Minor's Settlement | [ ] Insurance | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | [ ] Specific Performance | [ ] Mass Tort |
| [ ] Justice Court | [ ] Name Change | [ ] Other | [X] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Testate Estate | **Statutes/Rules** | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Will Contest | [ ] Bond Validation | [ ] Premises Liability |
| [ ] Other | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Civil Forfeiture | [ ] Product Liability |
| | | [ ] Declaratory Judgment | [ ] Subrogation |
| | | [ ] Injunction or Restraining Order | [ ] Wrongful Death |
| | | [ ] Other | [ ] Other |

IN THE <u>CIRCUIT</u> COURT OF <u>HINDS</u> COUNTY, MISSISSIPPI

<u>FIRST</u> JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____ _____   Docket No. If Filed
      File Yr     Chronological No.     Clerk's Local ID    Prior to 1/1/94_____

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ⊥ Plaintiffs Pages**
**IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #2:**

**Individual:** <u>Doe #1</u>        <u>Jane</u>       (‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾)   ‾‾‾‾‾‾‾   ‾‾‾‾‾‾‾‾
           Last Name      First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
       Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

**Individual:** <u>Doe #2</u>        <u>Jane</u>       (‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾)   ‾‾‾‾‾‾‾   ‾‾‾‾‾‾‾‾
           Last Name      First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
       Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

**Individual:** <u>Doe Minor #1</u>        <u>Jane</u>       (‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾)   ‾‾‾‾‾‾‾   ‾‾‾‾‾‾‾‾
           Last Name      First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
       Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**IN THE** <u>CIRCUIT</u> **COURT OF** <u>HINDS</u> **COUNTY, MISSISSIPPI**

<u>FIRST</u> **JUDICIAL DISTRICT, CITY OF** _____

Docket No._____ - _____ _____    Docket No. If Filed
　　　　　　File Yr　　Chronological No.　　Clerk's Local ID　　Prior to 1/1/94 _____

### PLAINTIFFS IN REFERENCED CAUSE - Page___ of _1_ Plaintiffs Pages
### IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Plaintiff #** <u>8</u> **:**

**Individual:** <u>Doe Minor #5</u>　　<u>John</u>　　　( _____ )　_____　_____
　　　　　　　　Last Name　　　　First Name　　　Maiden Name, if Applicable　　Middle Init.　　Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

**Business** _____
　　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

　　D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #** ___ **:**

**Individual:** _____ _____ ( _____ ) _____ _____
　　　　　　　　Last Name　　　　First Name　　　Maiden Name, if Applicable　　Middle Init.　　Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

**Business** _____
　　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

　　D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #** ___ **:**

**Individual:** _____ _____ ( _____ ) _____ _____
　　　　　　　　Last Name　　　　First Name　　　Maiden Name, if Applicable　　Middle Init.　　Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

**Business** _____
　　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

　　D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE <u>CIRCUIT</u> COURT OF <u>HINDS</u> COUNTY, MISSISSIPPI

<u>FIRST</u> JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____ _____   Docket No. If Filed
          File Yr          Chronological No.          Clerk's Local ID          Prior to 1/1/94_____

**PLAINTIFFS IN REFERENCED CAUSE - Page___ of _1_ Plaintiffs Pages
IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #** _8_ **:**

**Individual:** <u>Doe Minor #5</u>        <u>John</u>        ( _____ )   _____   _____
                    Last Name              First Name          Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #** ___ **:**

**Individual:** _____ _____ ( _____ )   _____   _____
                    Last Name              First Name          Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #** ___ **:**

**Individual:** _____ _____ ( _____ )   _____   _____
                    Last Name              First Name          Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**IN THE** CIRCUIT **COURT OF** HINDS **COUNTY, MISSISSIPPI**

FIRST **JUDICIAL DISTRICT, CITY OF** _____

Docket No._____ - _____ _____     Docket No. If Filed
<span style="font-size:smaller">File Yr        Chronological No.        Clerk's Local ID</span>        Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of ⊥ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

**Individual:** _____ _____ ( _____ ) ____ ____
<span style="font-size:smaller">Last Name          First Name          Maiden Name, if Applicable      Middle Init.    Jr/Sr/III/IV</span>

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** Brookfield Hospitality Properties, LLC_____
<span style="font-size:smaller">Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</span>

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** _____ _____ ( _____ ) ____ ____
<span style="font-size:smaller">Last Name          First Name          Maiden Name, if Applicable      Middle Init.    Jr/Sr/III/IV</span>

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** Island Hotel Company Limited_____
<span style="font-size:smaller">Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</span>

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** _____ _____ ( _____ ) ____ ____
<span style="font-size:smaller">Last Name          First Name          Maiden Name, if Applicable      Middle Init.    Jr/Sr/III/IV</span>

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** Atlantis Resort SPE Limited_____
<span style="font-size:smaller">Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</span>

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT_____ COURT OF HINDS_____ COUNTY, MISSISSIPPI

FIRST_____ JUDICIAL DISTRICT, CITY OF

Docket No._____ - _____ _____     Docket No. If Filed
       File Yr      Chronological No.     Clerk's Local ID     Prior to 1/1/94_____

### DEFENDANTS IN REFERENCED CAUSE - Page ___ of _1_ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant # _5_ :**

**Individual:** Williams_____ Velmon_____ (_____) _____ _____
           Last Name         First Name         Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant # _6_ :**

**Individual:** Does 1-5_____ John_____ (_____) _____ _____
           Last Name         First Name         Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant # _7_ :**

**Individual:** _____ _____ (_____) _____ _____
           Last Name         First Name         Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** John Doe Entities 1-5_____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

Case: 25CI1:22-cv-00392 Document #1 Filed: 06/17/2022 Page 1 of 1
OF HINDS COUNTY, MISSISSIPPI

JOHN DOE #1; JANE DOE #1; JANE DOE #2;
JANE DOE MINOR #1, JOHN DOE MINOR #2,
AND JOHN DOE MINOR #3, BY AND
THROUGH THEIR FATHER AND NEXT FRIEND JOHN DOE #1;
JOHN DOE MINOR #4, BY AND THROUGH HIS MOTHER AND
NEXT FRIEND JANE DOE #2;
JOHN DOE MINOR #5, BY AND THROUGH HIS UNCLE AND
NEXT FRIEND JOHN DOE #1

**PLAINTIFFS**

VS.                                              CIVIL ACTION NO. 22-392

MARRIOTT INTERNATIONAL, INC.;
BROOKFIELD HOSPITALITY PROPERTIES, LLC;
ISLAND HOTEL COMPANY LIMITED;
ATLANTIS RESORT SPE LIMITED;
VELMON WILLIAMS, INDIVIDUALLY;
JOHN DOES 1-5; AND JOHN DOE ENTITIES 1-5                    **DEFENDANTS**

## SUMMONS

STATE OF MISSISSIPPI COUNTY OF HINDS
TO THE SHERIFF OR ANY OTHER LAWFUL PERSON

GREETINGS:

We command you to summons:

TO:    CT Corporation System of Mississippi, Registered Agent for Process for
       Marriott International, Inc.
       645 Lakeland East Drive, Suite 101
       Flowood, MS 39232

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi 39201.**

Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 17 day of
June, 2022.

                              ZACK WALLACE, CIRCUIT CLERK
                              P.O. BOX 327, JACKSON, MS 39205

                              By: _Karla Bailey_   D.C.

Case: 25CI1:22-cv-00392-EJ FILED CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT Page 1 of 1
OF HINDS COUNTY, MISSISSIPPI

JOHN DOE #1; JANE DOE #1; JANE DOE #2;
JANE DOE MINOR #1, JOHN DOE MINOR #2,
AND JOHN DOE MINOR #3, BY AND
THROUGH THEIR FATHER AND NEXT FRIEND JOHN DOE #1;
JOHN DOE MINOR #4, BY AND THROUGH HIS MOTHER AND
NEXT FRIEND JANE DOE #2;
JOHN DOE MINOR #5, BY AND THROUGH HIS UNCLE AND
NEXT FRIEND JOHN DOE #1

PLAINTIFFS

VS.                                                        CIVIL ACTION NO. 22-392

MARRIOTT INTERNATIONAL, INC.;
BROOKFIELD HOSPITALITY PROPERTIES, LLC;
ISLAND HOTEL COMPANY LIMITED;
ATLANTIS RESORT SPE LIMITED;
VELMON WILLIAMS, INDIVIDUALLY;
JOHN DOES 1-5; AND JOHN DOE ENTITIES 1-5                    DEFENDANTS

## SUMMONS

STATE OF MISSISSIPPI COUNTY OF HINDS
TO THE SHERIFF OR ANY OTHER LAWFUL PERSON

### GREETINGS:

We command you to summons:

TO:    Corporation Service Company, Registered Agent for Process for
       Brookfield Hospitality Properties, LLC
       251 Little Fall Drive
       Wilmington, DE 19808

## NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi 39201.**

Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 17 day of
2022.

ZACK WALLACE, CIRCUIT CLERK
P.O. BOX 327, JACKSON, MS 39205

By: _____ D.C.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**OF HINDS COUNTY, MISSISSIPPI**

**JOHN DOE #1; JANE DOE #1; JANE DOE #2;**
**JANE DOE MINOR #1, JOHN DOE MINOR #2,**
**AND JOHN DOE MINOR #3, BY AND**
**THROUGH THEIR FATHER AND NEXT FRIEND JOHN DOE #1;**
**JOHN DOE MINOR #4, BY AND THROUGH HIS MOTHER AND**
**NEXT FRIEND JANE DOE #2;**
**JOHN DOE MINOR #5, BY AND THROUGH HIS UNCLE AND**
**NEXT FRIEND JOHN DOE #1**

**PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO.** 22-392

**MARRIOTT INTERNATIONAL, INC.;**
**BROOKFIELD HOSPITALITY PROPERTIES, LLC;**
**ISLAND HOTEL COMPANY LIMITED;**
**ATLANTIS RESORT SPE LIMITED;**
**VELMON WILLIAMS, INDIVIDUALLY;**
**JOHN DOES 1-5; AND JOHN DOE ENTITIES 1-5**                **DEFENDANTS**

### SUMMONS

**STATE OF MISSISSIPPI COUNTY OF HINDS**
**TO THE SHERIFF OR ANY OTHER LAWFUL PERSON**

**GREETINGS:**

We command you to summons:

TO:     Mississippi Secretary of State as Agent for the Mississippi non-resident
        Island Hotel Company Limited
        Executive Offices, Coral Towers
        Paradise Island, Nassau, Bahamas

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi 39201.**

        Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

        ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 17 day of
June, 2022.

                        ZACK WALLACE, CIRCUIT CLERK
                        P.O. BOX 327, JACKSON, MS 39205

                        By: _Karla Bailey_ D.C.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**OF HINDS COUNTY, MISSISSIPPI**

**JOHN DOE #1; JANE DOE #1; JANE DOE #2;**
**JANE DOE MINOR #1, JOHN DOE MINOR #2,**
**AND JOHN DOE MINOR #3, BY AND**
**THROUGH THEIR FATHER AND NEXT FRIEND JOHN DOE #1;**
**JOHN DOE MINOR #4, BY AND THROUGH HIS MOTHER AND**
**NEXT FRIEND JANE DOE #2;**
**JOHN DOE MINOR #5, BY AND THROUGH HIS UNCLE AND**
**NEXT FRIEND JOHN DOE #1**

**PLAINTIFFS**

**VS.**                                                    CIVIL ACTION NO. 22-392

**MARRIOTT INTERNATIONAL, INC.;**
**BROOKFIELD HOSPITALITY PROPERTIES, LLC;**
**ISLAND HOTEL COMPANY LIMITED;**
**ATLANTIS RESORT SPE LIMITED;**
**VELMON WILLIAMS, INDIVIDUALLY;**
**JOHN DOES 1-5; AND JOHN DOE ENTITIES 1-5**                **DEFENDANTS**

**SUMMONS**

**STATE OF MISSISSIPPI COUNTY OF HINDS**
**TO THE SHERIFF OR ANY OTHER LAWFUL PERSON**

**GREETINGS:**

We command you to summons:

TO:    Mississippi Secretary of State as Agent for the Mississippi non-resident
       Atlantis Resort SPE Limited
       Executive Offices, Coral Towers
       Paradise Island, Nassau, Bahamas

NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi 39201.**

Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 17 day of
_____, 2022.

ZACK WALLACE, CIRCUIT CLERK
P.O. BOX 327, JACKSON, MS 39205

By: _____ D.C.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**OF HINDS COUNTY, MISSISSIPPI**

JOHN DOE #1; JANE DOE #1; JANE DOE #2;
JANE DOE MINOR #1, JOHN DOE MINOR #2,
AND JOHN DOE MINOR #3, BY AND
THROUGH THEIR FATHER AND NEXT FRIEND JOHN DOE #1;
JOHN DOE MINOR #4, BY AND THROUGH HIS MOTHER AND
NEXT FRIEND JANE DOE #2;
JOHN DOE MINOR #5, BY AND THROUGH HIS UNCLE AND
 NEXT FRIEND JOHN DOE #1                                     **PLAINTIFFS**

**VS.**                                  **CIVIL ACTION NO.** 22-392

MARRIOTT INTERNATIONAL, INC.;
BROOKFIELD HOSPITALITY PROPERTIES, LLC;
ISLAND HOTEL COMPANY LIMITED;
ATLANTIS RESORT SPE LIMITED;
VELMON WILLIAMS, INDIVIDUALLY;
JOHN DOES 1-5; AND JOHN DOE ENTITIES 1-5          **DEFENDANTS**

## SUMMONS

STATE OF MISSISSIPPI COUNTY OF HINDS
TO THE SHERIFF OR ANY OTHER LAWFUL PERSON

GREETINGS:

  We command you to summons:

TO:   Velmon Williams
      Hinds County, Mississippi

## NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

  You are required to mail or hand-deliver a copy of a written response to the complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi 39201.**

  Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

  You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

  ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 17 day of
_____, 2022.

                            ZACK WALLACE, CIRCUIT CLERK
                            P.O. BOX 327, JACKSON, MS 39205

                            By: _____ D.C.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

JOHN DOE #1; JANE DOE #1; JANE DOE #2;
JANE DOE MINOR #1, JOHN DOE MINOR #2,
AND JOHN DOE MINOR #3, BY AND
THROUGH THEIR FATHER AND NEXT FRIEND JOHN DOE #1;
JOHN DOE MINOR #4, BY AND THROUGH HIS MOTHER AND
NEXT FRIEND JANE DOE #2;
JOHN DOE MINOR #5, BY AND THROUGH HIS UNCLE AND
NEXT FRIEND JOHN DOE #1                                        **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO.** 22-392

MARRIOTT INTERNATIONAL, INC.;
BROOKFIELD HOSPITALITY PROPERTIES, LLC;
ISLAND HOTEL COMPANY LIMITED;
ATLANTIS RESORT SPE LIMITED;
VELMON WILLIAMS, INDIVIDUALLY;
JOHN DOES 1-5; AND JOHN DOE ENTITIES 1-5                       **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI COUNTY OF HINDS
TO THE SHERIFF OR ANY OTHER LAWFUL PERSON

GREETINGS:

We command you to summons:

TO:    Velmon Williams
       Hinds County, Mississippi

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi 39201.**

Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 17 day of
June, 2022.

                              ZACK WALLACE, CIRCUIT CLERK
                              P.O. BOX 327, JACKSON, MS 39205

                              By: _Karla Bailey_ D.C.

Case: 25CI1:22-cv-00392-AHW  OF DOCUMENT #: 3 MM PILES 06/30/2022   Page 2 of 2

Name of Person or Entity Served: _Velmon_  _Williams_

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set fourth below (Process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with the copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attached completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)

(X) PERSONAL SERVICE. I have personally delivered copies of the summons and complaint on the _29_ day of _June_, 2022 to: _Velmon Williams_ where I found said person in _Hind_ County in the State of Mississippi.

( ) RESIDENCE SERVICE. After due diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the ____ day of _____, 2022, at the usual place of abode of said _____, by leaving a true copy of said summons and complaint with _____, who is the _____, a member of the family of the person served above the age sixteen years and willing to receive the summons and complaint, and thereafter on the ____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her place of abode where the copies were left.

( ) CERTIFIED MAIL SERVICE. By mailing to an address outside of Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person to be served. (Attach signed return receipt or other evidence of actual delivery to the person to be served.)

Fee for Service $ _____

Process server must list below: {Please print or type}
Name _Kenneth Goodrum_
Address: _500 E. Capitol #300_
Telephone No. _601-869-0999_

State of Mississippi
County of _Hinds_

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Kenneth Goodrum_ who by me first being duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (signature)

Sworn to and subscribed before me this the _29_ day of _June_, 2022.

_____
NOTARY PUBLIC                    (SEAL)

MY COMMISSION EXPIRES:

_Feb. 21, 2024_

Case: 25CI1:22-cv-00392   IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT   Page 1 of 2
OF HINDS COUNTY, MISSISSIPPI

**JOHN DOE #1; JANE DOE #1; JANE DOE #2;**
**JANE DOE MINOR #1, JOHN DOE MINOR #2,**
**AND JOHN DOE MINOR #3, BY AND**
**THROUGH THEIR FATHER AND NEXT FRIEND JOHN DOE #1;**
**JOHN DOE MINOR #4, BY AND THROUGH HIS MOTHER AND**
**NEXT FRIEND JANE DOE #2;**
**JOHN DOE MINOR #5, BY AND THROUGH HIS UNCLE AND**
**NEXT FRIEND JOHN DOE #1**

                                              **PLAINTIFFS**

**VS.**                        **CIVIL ACTION NO.** _22-392_

**MARRIOTT INTERNATIONAL, INC.;**
**BROOKFIELD HOSPITALITY PROPERTIES, LLC;**
**ISLAND HOTEL COMPANY LIMITED;**
**ATLANTIS RESORT SPE LIMITED;**
**VELMON WILLIAMS, INDIVIDUALLY;**
**JOHN DOES 1-5; AND JOHN DOE ENTITIES 1-5**                **DEFENDANTS**

<u>SUMMONS</u>

**STATE OF MISSISSIPPI COUNTY OF HINDS**
**TO THE SHERIFF OR ANY OTHER LAWFUL PERSON**

**GREETINGS:**

We command you to summons:

TO:   CT Corporation System of Mississippi, Registered Agent for Process for
      Marriott International, Inc.
      645 Lakeland East Drive, Suite 101
      Flowood, MS 39232
                    <u>NOTICE TO DEFENDANT</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi 39201.**

        Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

        ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the _17_ day of
_June_ 2022.

                    ZACK WALLACE, CIRCUIT CLERK
                    P.O. BOX 327, JACKSON, MS 39205

                    By: _Karla Bailey_   D.C.

Case: 25CI1:22-cv-00392-AHW   Document #: 9   Filed: 07/15/2022   Page 2 of 2

PROOF OF SERVICE - SUMMONS

Name of Person or Entity Served: CT Corporation System of MS. (Marriot International)

    I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set fourth below (Process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

    ( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with the copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attached completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)

    (X) PERSONAL SERVICE. I have personally delivered copies of the summons and complaint on the 14 day of July, 2022 to: CT Corp. Systems, where I found said person in Rankin County in the State of Mississippi.

    ( ) RESIDENCE SERVICE. After due diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said _____, by leaving a true copy of said summons and complaint with _____, who is the _____, a member of the family of the person served above the age sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her place of abode where the copies were left.

    ( ) CERTIFIED MAIL SERVICE. By mailing to an address outside of Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person to be served. (Attach signed return receipt or other evidence of actual delivery to the person to be served.)

Fee for Service $ _____

Process server name (typed or printed): Eagle Eye Investigations &

Name _____ Security, LLC

Address: _____ P.O. Box 1085 Terry, Ms. 39170 _____

Telephone No. _____

State of Mississippi
County of Hinds

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named Daniel Pace who by me first being duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (signature)

    Sworn to and subscribed before me this the 14 day of July, 2022.

_____
NOTARY PUBLIC (SEAL)

MY COMMISSION EXPIRES:

_____

STATE OF MISSISSIPPI
NATALIE RENARD
NOTARY PUBLIC
ID No. 118156
Commission Expires
December 14, 2024
HINDS COUNTY

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JOHN DOE #1; JANE DOE #1; JANE DOE #2;
JANE DOE MINOR #1, JOHN DOE MINOR #2,
AND JOHN DOE MINOR #3, BY AND
THROUGH THEIR FATHER AND NEXT FRIEND JOHN DOE #1;
JOHN DOE MINOR #4, BY AND THROUGH HIS MOTHER AND
NEXT FRIEND JANE DOE #2;
JOHN DOE MINOR #5, BY AND THROUGH HIS UNCLE AND
NEXT FRIEND JOHN DOE #1

**PLAINTIFFS**

VS.                                    CIVIL ACTION NO. 22-392

MARRIOTT INTERNATIONAL, INC.;
BROOKFIELD HOSPITALITY PROPERTIES, LLC;
ISLAND HOTEL COMPANY LIMITED;
ATLANTIS RESORT SPE LIMITED;
VELMON WILLIAMS, INDIVIDUALLY;
JOHN DOES 1-5; AND JOHN DOE ENTITIES 1-5

**DEFENDANTS**

## SUMMONS

STATE OF MISSISSIPPI COUNTY OF HINDS
TO THE SHERIFF OR ANY OTHER LAWFUL PERSON

GREETINGS:

We command you to summons:

TO:   Corporation Service Company, Registered Agent for Process for
Brookfield Hospitality Properties, LLC
251 Little Fall Drive
Wilmington, DE 19808

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi 39201.**

Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 17 day of
2022.

ATTEST A TRUE COPY

JUN 17 2022

ZACK WALLACE, CIRCUIT CLERK
BY: _Karla Bailey_ D.C.

ZACK WALLACE, CIRCUIT CLERK
P.O. BOX 327, JACKSON, MS 39205

By: _Karla Bailey_ D.C.

PROOF OF SERVICE - SUMMONS

Name of Person or Entity Served: Brookfield Hospitality Properties, LLC

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set fourth below (Process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with the copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attached completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)

( ) PERSONAL SERVICE. I have personally delivered copies of the summons and complaint on the ___ day of _____, 2022 to: _____, where I found said person in _____ County in the State of Mississippi.

( ) RESIDENCE SERVICE. After due diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the ____ day of _____, 2022, at the usual place of abode of said _____, by leaving a true copy of said summons and complaint with _____, who is the _____, a member of the family of the person served above the age sixteen years and willing to receive the summons and complaint, and thereafter on the ____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her place of abode where the copies were left.

(X) CERTIFIED MAIL SERVICE. By mailing to an address outside of Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person to be served. (Attach signed return receipt or other evidence of actual delivery to the person to be served.)

Fee for Service $ _____

Process server must list below: [Please print or type}
Name Crystal Reed
Address: 500 E. Capitol Street, Suite 3, Jackson, MS 39201
Telephone No. 601-969-0999

State of Mississippi
County of Hinds

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named Crystal Reed who by me first being duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (signature)

Sworn to and subscribed before me this the 27 day of July, 2022.

_____
NOTARY PUBLIC                    (SEAL)

MY COMMISSION EXPIRES:

Feb. 21, 2024

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 86445
CHASITY THOMPSON
Commission Expires
Feb. 21, 2024
RANKIN COUNTY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
Registered Agent for
Brookfield Hospitality Properties uc
251 Little Fall Drive
Wilmington, DE 19808

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   Ryan MacArthur    ☐ Agent
                        ☐ Addressee

B. Received by Ryan MacArthur   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered      ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☒ Yes

2. Article Number
(Transfer from service label)

7006 2150 0003 8580 9077

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540