UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN DOE #1, et al.                                                           PLAINTIFFS

V.                                             CIVIL ACTION NO. 3:22-CV-468-KHJ-MTP

MARRIOTT INTERNATIONAL, INC., et al.                                    DEFENDANTS

ORDER

Before the Court is Defendants Marriott International, Inc.'s; Brookfield Hospitality Properties, LLC's; Island Hotel Company Limited's; and Atlantis Resort SPE Limited's (collectively "Defendants") [24] Motion to Strike Plaintiffs' Amended Complaint. For the following reasons, the Court grants the motion.

Plaintiffs filed their original Complaint in state court on June 17, 2022, and served Defendant Verlon Williams[1] on June 29. Notice of Removal [1-1] at 22, 35. Without answering the Complaint or otherwise responding, Defendants removed the case to this Court on August 12. *See* [1]. Defendants then moved for an extension of time to file their answers. [5], [9]. The Court granted their motions, allowing Defendants until October 18 to respond to Plaintiffs' original Complaint.

On September 7, Williams filed a Motion to Remand [12], and on September 8 the Court stayed discovery pending a ruling on the motion [13]. The same day,

---

[1] It is not entirely clear who Verlon Williams is. In her Motion to Remand, Williams refers to herself as "Velmon" Williams but signs the certificate of service as "Verlon" Williams. *See* Mot. Remand [12]. Plaintiffs originally refer to Williams as Velmon Williams in their Complaint, *see* [1-1] ¶ 13, but later refer to her as Verlon, *see* Pls.' Reply to Defs.' Resp. [36]. For purposes of clarity, the Court will use the name Verlon Williams.

Plaintiffs filed their Amended Complaint [15], without the opposing party's consent or leave of the Court. And on September 9, Plaintiffs filed their Motion to Remand [17], incorporating new facts and allegations from the Amended Complaint.

On September 21, Defendants moved to strike Plaintiffs' Amended Complaint. [24]. Defendants contend that Federal Rule of Civil Procedure 15(a)(2) required Plaintiffs to obtain Defendants' consent or seek leave of the Court before filing their Amended Complaint because 21 days have elapsed since Plaintiffs served Williams. *See* Defs.' Mem. Supp. Mot. Strike [25]. Plaintiffs counter that Rule 15(a)(2) does not apply because Defendants have not responded to Plaintiffs' original Complaint. *See* Pls.' Resp. Opp'n Defs.' Mot. Strike [30].

Federal Rule of Civil Procedure 15(a) explains when a plaintiff may file an amended complaint without the defendant's consent or leave of court:

> (1) A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Notably, "Rule 15(a)(1)(A) sets a separate deadline from Rule 15(a)(1)(B)." *Hancock Whitney Corp. v. Bourgeois*, No. 20-00028-BAJ-SDJ, 2020 WL 4231575, at *1 (M.D. La. July 23, 2020). Thus, if a plaintiff does not amend his complaint within 21 days after serving it under Rule 15(a)(1)(A), he is barred from amending his complaint as a matter of course until the defendant files

a responsive pleading, triggering Rule 15(a)(1)(B). *Id.* In other words, if a plaintiff does not amend his complaint within 21 days after serving it and the defendant has not filed a responsive pleading, then the plaintiff may amend a pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiffs served their original Complaint on Williams on June 29, 2022. Plaintiffs filed their Amended Complaint in this Court 71 days later, thereby missing the deadline set forth in Rule 15(a)(1)(A). And as of October 4, Defendants have not filed a responsive pleading or Rule 12 motion. Rule 15(a)(1)(B), therefore, has yet to be triggered. So, Plaintiffs were required to obtain Defendants' written consent or the Court's leave before amending their complaint. The Court therefore GRANTS [24] Defendants' Motion to Strike Plaintiffs' Amended Complaint.

SO ORDERED AND ADJUDGED this the 11th day of October, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE