UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN DOE #1, et al.                                                                      PLAINTIFFS

V.                                               CIVIL ACTION NO. 3:22-CV-468-KHJ-MTP

MARRIOTT INTERNATIONAL, INC., et al.                                          DEFENDANTS

ORDER

Before the Court is Plaintiffs John Doe #1, et al.'s [44] Motion for Relief from the Court's [41] Order Denying Plaintiff's Motion to Remand. For the following reasons, the Court denies the motion.

I.      Background

Plaintiffs filed their complaint in state court on June 17, 2022, asserting claims against Marriott International, Inc.; Brookfield Hospitality Properties, LLC; Island Hotel Company Limited; Atlantis Resort SPE Limited; and Velmon [sic] Williams. Notice Removal [1-1]. On August 12, Marriott timely removed the case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [1] at 1. At the time of removal, all Plaintiffs were domiciled in Mississippi. *See* [1-1] ¶¶ 1-8. And Williams was the only Defendant domiciled in Mississippi. *See* [1-1] ¶¶ 9-13. Despite Williams having the same citizenship as Plaintiffs, Marriott contended that removal based on diversity jurisdiction was still proper because Williams was improperly joined. [1] at 2.

On September 9, Plaintiffs moved to remand, arguing, among other things, that the Court lacked diversity jurisdiction because Williams was properly joined.

Pls.' Mot. Remand [17]. The Court found that Williams was improperly joined because Plaintiffs failed to state a claim against her in their state-court complaint. Order [41] at 8-11. The state-court complaint distinguished between Williams and the other "Resort Defendants" and made no specific factual allegations against Williams. *Id.* at 1-4, 8-11. Consequently, the Court denied Plaintiff's motion, dismissed Williams, and held it had diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 11-12.

Plaintiffs now seek relief from the Court's Order denying their Motion to Remand. *See* [44].

II.     Standard

Plaintiffs filed their motion pursuant to Federal Rule of Civil Procedure 60(b). *Id.* at 1. But Rule 60(b) applies only to final judgments or orders. *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014). And neither the denial of a motion to remand nor the dismissal of a single party constitutes a final judgment or order. *Alvarez v. Midland Credit Mgmt., Inc.*, 585 F.3d 890, 893 (5th Cir. 2009) (denial of motion to remand); *Smith v. Gonzales*, 592 F.2d 277, 277 (5th Cir. 1979) (per curiam) (dismissal of less than all parties). Rather, Plaintiffs should have moved for reconsideration under Rule 54(b), which allows a court to revise interlocutory orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *McKay*, 751 F.3d at 701. Accordingly, the Court treats Plaintiffs' motion as such.

2

Rule 54(b) is less stringent than Rule 60(b). *See McKay*, 751 F.3d at 701; *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam) (stating that the Rule 54(b) standard is less stringent than the Rule 59(e) standard). "Under Rule 54(b), [a court] is free to reconsider and reverse its decision for any reason it deems sufficient." *Austin*, 864 F.3d at 336. "[T]he critical consideration for reconsidering an interlocutory order under Rule 54(b) is whether justice requires relief from such order." *United States v. 89.9270303 Bitcoins*, No. SA-18-CV-0998, 2021 WL 5203337, at *1 (W.D. Tex. Nov. 8, 2021) (citing *Austin*, 864 F.3d at 337-38).

III.   Analysis

Plaintiffs argue the Court erred in finding Williams was improperly joined because the allegations against Williams in their state-court complaint are sufficient to survive a 12(b)(6) motion. [44]. Contrary to the Court's findings, Plaintiffs contend they "did not sort the Defendants into two separate categories of 'Resort Defendants' and 'Non-Resort Defendants,'" and the factual allegations in their complaint applied to all defendants, including Williams. *Id.* at 3-9.

But Plaintiff's arguments are not convincing. The state-court complaint specifically identifies Marriott, Brookfield, Island Hotel, and Atlantis Resort as the "Resort Defendants", leaving Williams out. [1-1] ¶¶ 19, 24. It also states in the section titled "Joint Venture" that:

> 22. The Defendants, including Brookfield Hospitality, Island Hotel, and others are engaged in a joint venture. Defendants Marriott, Island Hotel, Atlantis Resort SPE, and Brookfield Hospitality are parties to either an express

3

> or implied contract the subject of which is the ownership and operation of the Atlantis Resort.
>
> 23. Defendants Marriott, Island Hotel, Atlantis Resort SPE, and Brookfield Hospitality share a community of interest in the ownership and operation of the Atlantis resort. Defendants Marriott, Island Hotel, Atlantis Resort SPE, and Brookfield Hospitality have joint control or the right to control the operations of the Atlantis resort including marketing, advertising, solicitations, reservations, booking, maintenance, upkeep, and security. Defendants Marriott, Island Hotel, Atlantis Resort SPE, and Brookfield Hospitality, share in the profits and losses of the Atlantis resort with Island Hotel supplying labor, experience and skill and with the social media companies soliciting the customers via emails and direct mailing via U.S. mail.

*Id.* ¶¶ 22-23. Williams is not mentioned. Plaintiffs' claims that the state-court complaint "did not sort the Defendants into two separate categories of 'Resort Defendants' and 'Non-Resort' Defendants,'" and that "[t]he joint venture charge was presented against all Defendants (plural) and included Williams as one of the Defendants" is not only misleading, but disingenuous. *See* [44] ¶¶ 9, 14. Plaintiffs did not make those arguments in their original Motion to Remand but relied on facts from an Amended Complaint that was not properly before the Court. *See* [17] at 8-10; [41] 5-6 (explaining why the Court struck Plaintiffs' Amended Complaint and why it would only consider Plaintiffs' state court complaint to determine whether remand was appropriate).

As the Court stated in its [41] Order Denying Plaintiffs' Motion to Remand, "[o]utside of naming Williams and stating her place of residence, the [state-court complaint] contains no other facts about the claims against Williams." [41] at 3.

4

Plaintiffs simply do not explain who Williams is or how she is connected to any allegations in the state-court complaint. Unlike the other Defendants, Plaintiffs do not allege Williams was part of a joint venture or played any role in the Atlantis Resort. In sum, Plaintiffs' state-court complaint lacks sufficient facts to state a claim to relief that is plausible on its face. Justice does not require relief in this instance. Accordingly, the Court declines to reverse its prior decision.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, Plaintiffs' [44] Motion for Relief is DENIED.

SO ORDERED AND ADJUDGED this the 22nd day of November, 2022.

s/*Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE