UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN DOE # 1, ET AL.                                                        PLAINTIFFS

V.                                             CIVIL ACTION NO. 3:22-CV-468-KHJ-MTP

MARRIOTT INTERNATIONAL, INC., ET AL.                          DEFENDANTS

ORDER

Before the Court are Plaintiffs John Doe #1, et al.'s [55] Motion for Certification of an Interlocutory Appeal and [56] Motion for Rule 54(b) Certification. For the following reasons, the Court denies both motions.

I.      Background

Plaintiffs filed their Complaint in state court on June 17, 2022, asserting claims against Marriott International, Inc.; Brookfield Hospitality Properties, LLC; Island Hotel Company Limited; Atlantis Resort SPE Limited; and Velmon [sic] Williams. Notice Removal [1-1]. On August 12, Marriott timely removed the case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [1] at 1. At the time of removal, all Plaintiffs were domiciled in Mississippi. *See* [1-1] ¶¶ 1-8. And Williams was the only Defendant domiciled in Mississippi. *See* [1-1] ¶¶ 9-13. Despite Williams having the same citizenship as Plaintiffs, Marriott contended that removal based on diversity jurisdiction was still proper because Williams was improperly joined. [1] at 2.

On September 9, Plaintiffs moved to remand, arguing, among other things, that the Court lacked diversity jurisdiction because Williams was properly joined. Pls.' Mot. Remand [17]. The Court held that Williams was improperly joined because Plaintiffs failed to state a claim against her in their complaint. Order [41] at 8-11. The Complaint distinguished between Williams and the other "Resort Defendants" and made no specific factual allegations against Williams. *Id.* at 1-4, 8-11. Consequently, the Court denied Plaintiff's motion, dismissed Williams, and held it had diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 11-12. Plaintiffs then sought relief from the Order denying their Motion to Remand. Mot. Relief Ct.'s Order [44]. The Court denied that motion for the same reasons it denied the Motion to Remand. Order [54].

Plaintiffs now ask the Court to certify its [41] Order dismissing Williams and denying remand for interlocutory appeal or certify it as a final judgment pursuant to Rule 54(b).

II. Standard

The decision to permit an interlocutory appeal "is firmly within the district court's discretion." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) (quoting *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 405 n.9 (2004) (Ginsburg, J., dissenting)). Likewise, the decision to enter a final judgment under Rule 54(b) is "left to the sound judicial discretion of the district court." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

III.  Analysis

A. Certification of Interlocutory Appeal

Three factors must be met before a district court may certify an interlocutory order for appeal: (1) the order must involve a controlling question of law; (2) there must be a substantial ground for different opinions as to that law; and (3) an immediate appeal from the order must materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. Unit A Apr. 1981).

As for the first factor, the [41] Order dismissing Williams and denying remand undoubtedly involves a controlling question of law. "If reversal of an order terminates the action, it is clearly a controlling question of law." *Napoleon v. Shows, Cali & Walsh, LLP*, No. 20-1775, 2022 WL 721560, at *4 (E.D. La. Mar. 10, 2022) (citation omitted). Here, reversal of the Order would terminate the action by destroying subject-matter jurisdiction.

But the second factor is not satisfied. A substantial ground for difference of opinion exists when there is a "question about which reasonable jurists can . . . debate." *Ainsworth v. Cargotec USA, Inc.*, No. 2:10-cv-236, 2011 WL 6291812, at *4 (S.D. Miss. Dec. 15, 2011) (alteration in original) (quoting *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010)). "The threshold for establishing the second factor for certifying an order for interlocutory appeal 'is a high one.'" *Napoleon*, 2022 WL 721560, at *5 (quoting *La. State Conf. of NAACP v. Louisiana*, 495 F. Supp. 3d 400, 414 (M.D. La. 2020)). "'Substantial ground for

difference of opinion,' as used in the statute, is not the same as a disagreement with a district court's ruling." *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813-14 (E.D. La. 2009)). "Rather, [a district court] is most likely to allow the appeal when there is an unsettled state of law or judicial opinion." *Id.* (citation omitted).

The Court's holding that Williams was improperly joined was not based on an unsettled state of law or judicial opinion. Instead, the Court made its decision based on the complete absence of factual allegations to support a claim against Williams that is plausible on its face. *See* Order [41]; Order [54]. As stated in its previous Orders, "Plaintiffs simply do not explain who Williams is or how she is connected to any allegation in the state-court complaint." [54] at 5. And they "do not allege Williams was a part of a joint venture or played any role in the Atlantis Resort." *Id.*

Contrary to Plaintiffs' arguments, reasonable jurists could not debate whether Plaintiffs stated a plausible claim against Williams. Plaintiffs' disagreement with the Court's ruling does not meet the high threshold required for certification of an interlocutory order for appeal. Consequently, the Court denies [55] Plaintiffs' Motion for Certification of an Interlocutory Appeal.

  B. Rule 54(b) Certification

In actions involving multiple claims or multiple parties, a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In making the decision, a court must consider the "judicial

4

administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Accordingly, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id.*

Rule 54(b) certification is not warranted here. Plaintiffs contend they will suffer hardship by potentially having to litigate their claims twice if they successfully appeal the Court's Order after a trial on the merits. [56] ¶¶ 6-7. But certification is unlikely to alleviate that hardship because of the futility of Plaintiffs' argument. As stated above, Plaintiffs' Complaint lacks any facts to state a claim against Williams that is plausible on its face.

Plaintiffs cite *D & J Investments of Cenla, L.L.C. v. Baker Hughes a G E Co., L.L.C.*, as an example of a district court certifying as a final judgment its order dismissing a defendant as improperly joined and denying a plaintiff's motion to remand. 52 F.4th 187 (5th Cir. 2022). In *D & J Investments*, the district court reasoned that "Rule 54(b) certification was warranted because it would avoid the hardship and injustice of a later remand or retrial if, upon appeal, the [dismissed defendant] is ultimately found to have been properly joined as a defendant." *Id.* at 194 (quotation omitted). But that case involved an ambiguous and uncertain

5

question of state law, creating reasonable doubt as to whether the dismissed defendant was improperly joined. *See id.* at 196. No such question exists here.

Rather, "if there is any hardship or injustice here, Plaintiff[s] created it [themselves]" by failing to plead sufficient facts to state a plausible claim against Williams. *See Walker v. Progressive Cnty. Mut. Ins. Co.*, 304 F.R.D. 486, 493 (E.D. La. 2015). And "the mere specter of appeal after a trial on the merits does not rise to the level of hardship or injustice" required for the Court to certify its Order as a final judgment. *See id.* at 493-94. "If that were so, then every district court order denying a motion to remand," or dismissing a defendant as improperly joined, "would be considered a final judgment ripe for appeal." *See id.* at 494.

"Because this is not the type of 'infrequent harsh case' contemplated by Rule 54(b)," the Court denies [56] Plaintiffs' Motion for Rule 54(b) Certification. *See id.* (quoting *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984)).

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, Plaintiffs' [55] Motion for Certification of an Interlocutory Appeal and [56] Motion for Rule 54(b) Certification are DENIED.

SO ORDERED AND ADJUDGED this the 9th day of January, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE